NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TODD HEZLITT,<br><br>                    Plaintiff-Appellant,<br><br>  v.<br><br>CHARLES L. RYAN, individual capacity;<br>et al.,<br><br>                    Defendants-Appellees. | No.    23-15506<br><br>D.C. No.<br>2:18-cv-03021-ROS-ESW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted April 1, 2024[**]
Phoenix, Arizona

Before:  HAWKINS, BADE, and DESAI, Circuit Judges.

Plaintiff Todd Hezlitt ("Hezlitt") appeals the grant of summary judgment to

defendants in his Eighth Amendment claim based on injuries he suffered while

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

incarcerated. We review the summary judgment grant de novo, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004), and we affirm.

Hezlitt needed to demonstrate that the deprivation he suffered was objectively serious and also that the prison officials subjectively acted with a sufficiently culpable state of mind by being deliberately indifferent to inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Negligent failure to protect a prisoner from another inmate is not actionable. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). In this case, one corrections officer left his post five minutes prior to the end of his shift, but only after asking another to cover the post and also obtaining permission from a supervisor (albeit possibly the wrong shift supervisor) to exit the building. There is no evidence that any of the individual officers had prior knowledge of problems between Hezlitt and his attacker, or any other general information regarding a risk of inmate violence from such a short, covered absence that would have led them to believe their actions created a *substantial* risk of serious harm. *Cf. Lemire v. Cal. Dep't of Corr.*, 726 F.3d 1062, 1078 (9th Cir. 2013) (leaving entire floor completely unstaffed for three hours during staff meetings created a substantial risk of serious harm to inmates).

On appeal, Hezlitt offers no argument pertaining to his claim that defendants Ryan and Thompson "established a pattern and practice of allowing their staff to flout the rules and leave their duty stations without permission in spite of written

2

policy without fear of consequences."  We, therefore, treat this claim as forfeited.

*United States v. Salman*, 792 F.3d 1087, 1090 (9th Cir. 2015).

**AFFIRMED.**[1]

---

[1] We address the remainder of Hezlitt's claim in a sealed memorandum disposition filed contemporaneously herewith.